LEE LITIGATION GROUP, PLLC
C.K. Lee (320249)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorney for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

MARION KILER,
on behalf of herself and all others similarly situated,

                    Plaintiff,

                  -against-

WHITE DOG ENTERPRISES, INC.
    d/b/a WHITE DOG CAFE,

                  Defendant.

Case No.: 18-cv-420

**FIRST AMENDED CLASS ACTION**
**COMPLAINT**

**FILED**

**MAR 1 2 2018**

KATE BARKMAN, Clerk
By_____Dep. Clerk

---

      Plaintiff, MARION KILER (hereinafter "Plaintiff"), on behalf of herself and all others

similarly situated, by and through her undersigned attorney, hereby files this First Amended Class

Action Complaint against Defendant, WHITE DOG ENTERPRISES, INC. d/b/a WHITE DOG

CAFE (hereinafter "Defendant"), and states as follows:

### INTRODUCTION

      1.    This class action seeks to put an end to systemic civil rights violations committed

by Defendant against the blind in the Commonwealth of Pennsylvania and across the United

States. Defendant is denying blind individuals throughout the United States equal access to the

goods and services Defendant provides to its non-disabled customers through

http://www.whitedog.com (hereinafter the "Website"). The Website provides to the public a

wide array of the goods, services, and other programs offered by Defendant. Yet, the Website contains access barriers that make it difficult, if not impossible, for blind customers to use the Website. Defendant thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of services, including browsing menus and finding locations online.

2.     Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3.     Specifically, the Website has many access barriers preventing blind people from independently navigating using assistive computer technology.

4.     Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20/200. Some blind people who meet this definition have limited vision. Others have no vision.

5.     Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are nearly 300,000 visually impaired persons in the Commonwealth of Pennsylvania.[2]

6.     Many blind people enjoy using the Internet just as sighted people do. The lack of

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] "Pennsylvania," *American Foundation for the Blind*, last modified January 2017,
http://www.afb.org/info/blindness-statistics/state-specific-statistical-information/pennsylvania/235.

an accessible website means that blind people are excluded from the rapidly expanding self-service food industry and from independently accessing the Website.

7.      Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of alternative text, accessible forms, descriptive links, and resizable text, and limits the usage of tables and JavaScript, Defendant has chosen to rely on an exclusively visual interface. Defendant's sighted customers can independently browse, select, and find Defendant's menu and locations without the assistance of others. However, blind people must rely on sighted companions to assist them in browsing Defendant's menu and locations on the Website.

8.      By failing to make the Website accessible to blind persons, Defendant is violating basic equal access requirements under federal law.

9.      Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

10.      Plaintiff intended to browse Defendant's locations and menu on the Website, but was unable to successfully do so due to accessibility barriers. Unless Defendant remedies the numerous access barriers on the Website, Plaintiff and Class members will continue to be unable to independently navigate, browse, and use the Website.

11.      This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal law, to include monitoring of such measures, and to update and remove accessibility barriers on the

Website so that Plaintiff and the proposed Class and Subclass of customers who are blind will be able to independently and privately use the Website. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA").

13.    Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a). Defendant is subject to personal jurisdiction in the Eastern District of Pennsylvania based on the principle place of business of Defendant. Defendant is registered to do business in the Commonwealth of Pennsylvania and has been doing business in the Commonwealth of Pennsylvania. The restaurant locations are owned by Defendant and are located in the Commonwealth of Pennsylvania, one of which is in Philadelphia. Defendant also has been and is committing the acts alleged herein in the Commonwealth of Pennsylvania, has been and is violating the rights of consumers in the Commonwealth of Pennsylvania, and has been and is causing injury to consumers in the Commonwealth of Pennsylvania.

## PARTIES

14.    Plaintiff is and has been at all times material hereto a resident of Kings County, New York.

15.    Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Plaintiff cannot use a computer without the assistance of screen reading software. Plaintiff has been denied the full enjoyment of the facilities, goods, and services of the Website, as a result

of accessibility barriers on the Website. Most recently in January 2018, Plaintiff attempted to browse Defendant's menu and locations on the Website, but could not do so due to the inaccessibility of the Website. The inaccessibility of the Website has deterred her and Class members from enjoying the goods and services of Defendant.

16.     Defendant is a Domestic Limited Liability Company organized under the laws of the Commonwealth of Pennsylvania and has a principal executive office located at 332 South 24th Street, Philadelphia, PA 19103. Defendant has three locations in Pennsylvania, including one in Philadelphia.

17.     Defendant owns and operates "White Dog Cafe" (hereinafter the "Restaurant"), which is a place of public accommodation located in Philadelphia, PA. The Restaurant provides to the public important goods, such as local, seasonal food that is sustainably raised by surrounding neighborhoods and communities. Among other things, the Website provides access to the array of goods and services offered to the public by Defendant. The inaccessibility of the Website has deterred Plaintiff from browsing locations and menus online.

18.     Plaintiff, on behalf of herself and others similarly situated, seeks full and equal access to the services provided by Defendant through the Website.

### CLASS ACTION ALLEGATIONS

19.     Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

5

20.     Plaintiff seeks certification of the following Pennsylvania subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in the Commonwealth of Pennsylvania who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

21.     There are hundreds of thousands of visually impaired persons in the Commonwealth of Pennsylvania. There are approximately 8.1 million people in the United States who are visually impaired. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

22.     This case arises out of Defendant's policy and practice of maintaining an inaccessible website that denies blind persons access to the goods and services of the Website and the Restaurant. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse the Website and by extension the goods and services offered through the Website by the Restaurant.

23.     There are common questions of law and fact common to the class, including without limitation, the following:

   (a)     Whether the Website is a "public accommodation" under the ADA; and

   (b)     Whether Defendant through the Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA.

24.     The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that

6

Defendant has violated the ADA by failing to update or remove access barriers on the Website, so it can be independently accessible to the class of people who are legally blind.

25.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

26.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

27.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

28.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

29.     Defendant operates the Restaurant, an American restaurant chain specializing in seasonal food that is sustainably raised by surrounding neighborhoods and communities with three locations in the Commonwealth of Pennsylvania.

30.     The Website is a service and benefit offered by Defendant throughout the United States, including the Commonwealth of Pennsylvania. The Website is owned, controlled and/or operated by Defendant.

31.     Among the features offered by the Website are the following:

(a)     information about the Restaurant, allowing persons who wish to dine at the Restaurant to learn its locations, hours, and phone numbers;

(b)     a menu;

(c)     information about local farms from which the Restaurant purchases ingredients; and

(d)     information about the Restaurant's social networks.

32.     This case arises out of Defendant's policy and practice of denying the blind access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, blind individuals have been and are being denied equal access to the Restaurant, as well as to the numerous goods, services and benefits offered to the public through the Website.

33.     Defendant denies the blind access to goods, services and information made available through the Website by preventing them from freely navigating the Website.

34.     The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

35.     The blind access websites by using keyboards in conjunction with screen reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen reading software provides the only method by which a blind person can independently access the Internet. Unless websites are

8

designed to allow for use in this manner, blind persons are unable to fully access websites and the information, products, and services contained therein.

36.     There are well established guidelines for making websites accessible to blind people. These guidelines have been in place for several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium, which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: ensuring that all functions can be performed using a keyboard and not just a mouse; adding alternative text to non-text content; ensuring that image maps are accessible; and adding headings so that blind people can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader.

37.     The Website contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: the lack of alt-text on graphics; the lack of adequate prompting and labeling; and the denial of keyboard access.

38.     Alternative text ("alt-text") is invisible code embedded beneath a graphical image on a website. WCAG 2.0 Guideline 1.1.1 requires that alt-text be coded with non-text content so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse

moves over the picture. The images on the homepage of the Website lack alt-text. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize alt-text to provide a description of the image to a blind computer user.) In fact, screen readers cannot even recognize that the images exist. As a result, Plaintiff and blind customers are unable to determine what is on the Website, to browse the site, and investigate the Restaurant's menu.

39. The Website requires the use of a mouse to find a location and view the menu. Defendant's locations and menu are inaccessible via the keyboard. While the menu options are functionable, the menu pages linked to them are also inaccessible via the keyboard. Yet, according to WCAG 2.0 Guideline 2.1.1, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, the Website's inaccessible design, which requires the use of a mouse to browse the menu and locations, denies Plaintiff and blind customers the ability to independently navigate the Website.

40. WCAG 2.0 Guideline 2.4.4 states that the purpose of each link must be determinable. Sighted users can ascertain the purpose of links by reading the link text and the surrounding descriptions and by recognizing the images that the links are embedded in. Blind users, however, must rely on a combination of screen reading software and proper coding to determine what sighted users can recognize at a glance. The links to the social media pages are simply read as "White Dog Cafe link," so blind users cannot determine what the links are for. Thus, the Website is inaccessible to blind users attempting to use and browse the Website.

41.     The Website thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use the Website and who would otherwise be able to fully and equally enjoy the benefits and services of the Restaurant.

42.     Plaintiff has made numerous attempts to browse the menu and locations on the Website, most recently in January 2018, but was unable to do so independently because of the many access barriers on the Website. Additionally, Plaintiff was unable to find the location on the Website, preventing Plaintiff from accessing the physical location. These access barriers have caused the Website to be inaccessible to, and not independently usable by, blind and visually impaired individuals.

43.     Plaintiff experienced many barriers in attempting to access the Website. For instance, the Web Content Accessibility Guidelines (WCAG) are part of a series of web accessibility guidelines published by Web Accessibility Initiative (WAI) of the World Wide Web Consortium (W3C), which are the main international standards organization for the Internet. Plaintiff was completely blocked from online ordering since the Website is barely accessible. Defendant has failed to adhere to the recommendations of many of these guidelines such as:

  a.  WCAG 2.0 Guideline 2.1, which recommends businesses make all functionality available from a keyboard since the Website requires the visual activity of mouse manipulation to locate important information, such as the menu and locations.

  b.  WCAG 2.0 Guideline 2.4, which recommends businesses provide help for users to navigate, find content, and determine where they are on the Website.

  c.  WCAG 2.0 Guideline 4.1, which recommends businesses maximize compatibility with current and future user agents, including assistive technologies, for the reasons stated above.

11

44.     As described above, Plaintiff has actual knowledge of the fact that the Website contains access barriers causing it to be inaccessible, and not independently usable by, blind and visually impaired individuals.

45.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits, and services of the Website and the Restaurant.

46.     Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

> (a)     constructing and maintaining a website that is inaccessible to blind class members with knowledge of the discrimination; and/or
>
> (b)     constructing and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or
>
> (c)     failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

47.     Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

48.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

49.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place

of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

50.     The Restaurant is a sales establishment and public accommodation within the definition of 42 U.S.C. § 12181(7)(E). The Website is a service, privilege or advantage of Defendant. The Website is a service that is by and integrated with the Restaurant. Independent of the Restaurant, the Website is also a public accommodation.

51.     Defendant is subject to Title III of the ADA because it owns and operates the Website.

52.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

53.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

54.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

13

55.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

56.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their websites accessible, including but not limited to: ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

57.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are blind have been denied full and equal access to the Website, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

58.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

59.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations

14

and/or opportunities of the Website and the Restaurant in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

60.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

61.     The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

62.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

63.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

64.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

65.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the goods, services and facilities of the Website and by extension the Restaurant, which Defendant owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.* prohibiting discrimination against the blind.

66.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

67.     A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

68.     A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

69.     A declaration that Defendant owns, maintains and/or operates the Website in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

70.     An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

71.     Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by federal law;

72.     For pre- and post-judgment interest to the extent permitted by law; and

73.     Such other and further relief as the Court deems just and proper.

DATED: March 5, 2018                          LEE LITIGATION GROUP, PLLC
                                              C.K. Lee (CL 4086)
                                              30 East 39th Street, Second Floor
                                              New York, NY 10016
                                              Tel.: 212-465-1188
                                              Fax: 212-465-1181


                                              By: _____
                                                    C.K. Lee, Esq.

16

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARION KILER, on behalf of herself and all others similarly situated | WHITE DOG ENTERPRISES, INC. d/b/a WHITE DOG CAFE |

**(b)** County of Residence of First Listed Plaintiff    Kings County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
C.K. Lee, Esq., Lee Litigation Group, PLLC
30 East 39th Street, 2nd Floor, New York, NY 10016
Telephone: 212-465-1188

Attorneys *(If Known)*
Michael S. Olsan, Esq., White and Williams LLP
1650 Market St, One Liberty Pl, Ste 1800, Philadelphia, PA 19103
Telephone: 215-864-6278

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title III of Americans with Disabilities Act, 42 U.S.C. Section 12181, et seq.

Brief description of cause:
Plaintiff seeks injunction to the visually impaired

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
03 -05 - 18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

MARION KILER,

On behalf of herself and all others similarly situated

v.

WHITE DOG ENTERPRISES, INC.
d/b/a WHITE DOG CAFE

:
:
:
:
:

CIVIL ACTION

18-cv-420

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                    (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )


| 03-05-18 | C.K. Lee, Esq. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 212-465-1188 | 212-465-1181 | cklee@leelitigation.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: C/O Lee Litigation Group, PLLC, 30 E. 39th St, 2nd Floor, New York, NY 10016

Address of Defendant: 5455 West Ridge Road, Erie, PA 16506

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes□  No☑

Does this case involve multidistrict litigation possibilities?     Yes□  No☑

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes□  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes□  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes□  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes□  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. ☑ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. □ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, C.K. Lee, Esq. , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 03/05/18             320249

                    Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/05/18             320249

                    Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *C/O Lee Litigation Group, PLLC, 30 E. 39th St, 2nd Floor, New York, NY 10016*

Address of Defendant: *5455 West Ridge Road, Erie, PA 16506*

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☐
*RELATED CASE, IF ANY:*
Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, *C.K. Lee, Esq.*_____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: *03/05/18*_____    _____    *320249*
Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *03/05/18*_____    _____    *320249*
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)